(52 Misc. Rep. 566)

### MONAHAN v. EMPIRE CITY SUBWAY CO., Limited.

(Supreme Court, Appellate Term. February 11, 1907.)

**1. NEGLIGENCE—PERSONS LIABLE—INDEPENDENT CONTRACTORS.**

A subway company is not relieved of its duty to keep a highway in reasonably safe condition for travel during the progress of its work therein by reason of its having let the work out to an independent contractor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 68.]

**2. MUNICIPAL CORPORATIONS—INJURIES TO TRAVELERS IN STREET—ACTIONS—EVIDENCE—SUFFICIENCY.**

In an action against a subway company for injuries to a traveler on a street, caused by the street giving way under his feet owing to the con-

struction of a subway, evidence examined, and *held* insufficient to show violation by defendant of its duty to keep highway in reasonably safe condition during the progress of the work.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Thomas Monahan against the Empire City Subway Company, Limited. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Winter & Winter, for appellant.

G. Washington Smith, for respondent.

MacLEAN, J. The plaintiff testified that at 4 o'clock in the morning of December 29, 1905, he was walking south on the easterly side of Hudson street, and while crossing Christopher street he felt the street give way under his feet, and he fell and was injured. Assuming permission to the defendant to interfere with the street at that point for the purpose of building an electrical subway, and that it had let out the work to an independent contractor, its duty of keeping the highway in a reasonably safe condition for travel during the progress of the work remained, notwithstanding the presence of an independent contractor. Schiverea v. Brooklyn Heights R. R. Co., 89 App. Div. 340, 344, 85 N. Y. Supp. 902. Violation of that duty by this defendant, however, the plaintiff must establish, and that he has failed to do; for it is uncontradicted that the trench of the defendant at that point was back-filled, rammed, concreted, and hand-paved, and the work completed upwards of 10 days prior to the accident to the plaintiff, and that excavations were made around the same place by others the day the work of the defendant was completed. Connection of the defendant therewith and with the injuries to the plaintiff may not be said from the evidence to be established. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.